**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**DONALD CRAIG GORE,**

      **Petitioner,**

**vs.**                                      **Case No. 4:08cv564-RH/WCS**

**STATE OF FLORIDA,**

      **Respondent.**

_____/


## REPORT AND RECOMMENDATION

      This cause is before the court on a petition for writ of mandamus.  Doc. 1.

Petitioner did not pay the filing fee or submit a motion to proceed in forma pauperis.

Petitioner is incarcerated at Lake Correctional Institution, pursuant to a judgment out of

the Third Judicial Circuit in Columbia County, Florida.  Doc. 1, p. 2.

      The current petition essentially seeks appellate review of the state court

proceedings on collateral review of Petitioner's conviction.  Petitioner complains of error

by the state circuit court in denying his Fla.R.Crim.P. 3.850 motion as untimely, and by

the Florida Supreme Court in dismissing his notice to invoke discretionary jurisdiction for

lack of jurisdiction.  For relief, Petitioner seeks a writ of mandamus requiring that the

Florida Supreme Court withdraw its order of dismissal, or alternatively requiring

Respondent to show cause why the relief requested should not be granted.  Doc. 1, pp.

4-5.  He "contends that he has a right to resolution on an apparent conflict arising from a

written opinion of the state district court."  *Id.*, p. 7.

This court has mandamus jurisdiction to compel an officer, employee, or agency

of the United States to perform a legal duty under 28 U.S.C. § 1361, but cannot direct a

state court to act.

> It is well settled that a federal district court lacks jurisdiction to review,
> reverse, or invalidate a final state court decision. *See District of Columbia
> Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d
> 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68
> L.Ed. 362 (1923).  Under the *Rooker-Feldman* doctrine, the authority to
> review final decisions from the highest court of the state is reserved to the
> Supreme Court of the United States.  Jones cannot utilize 42 U.S.C. §
> 1983 to recast his claim and thereby obtain collateral review in federal
> court of the state court decision

Jones v. Crosby, 137 F.3d 1279, 1280 (11th Cir.), *cert. denied,* 523 U.S. 1041 (1998)

(citations omitted).  The habeas corpus jurisdiction of the federal courts is an exception

to this rule.  *See* Sumner v. Mata, 449 U.S. 539, 543-44, 101 S.Ct. 764, 767, 66 L.Ed.2d

722 (1981) ("even a single federal judge may overturn the judgment of the highest court

of a State" in granting a § 2254 petition); Dale v. Moore, 121 F.3d 624, 627 -628 (11th

Cir. 1997) (noting that habeas corpus is an exception to the Rooker-Feldman doctrine,

citing Sumner).

Petitioner is "a person in custody pursuant to the judgment of a State court" so a

claim "that he is in custody in violation of the Constitution or laws or treaties of the

United States," would proceed under 28 U.S.C. § 2254.  § 2254(a); Medberry v. Crosby,

351 F.3d 1049, 1062 (11th Cir. 2003), *cert. denied,* 541 U.S. 1032 (2004).  But defects

in collateral proceedings or review, as alleged here, are unrelated to the underlying cause of detention, and do not state a claim for habeas corpus relief. <u>Quince v. Crosby</u>, 360 F.3d 1259, 1261-62 (11th Cir. 2004),[1] *cert. denied*, 543 U.S. 960 (2004), *citing* <u>Spradley v. Dugger</u>, 825 F.2d 1566, 1568 (11th Cir. 1987) (other citations omitted). *See also* <u>In re Rutherford</u>, 437 F.3d 1125, 1127 (11th Cir. 2006) (citing <u>Quince</u> and <u>Spradley</u>); <u>Anderson v. Secretary for Dept. of Corrections</u>, 462 F.3d 1319, 1330 (11th Cir. 2006), *cert. denied,* 549 U.S. 1216 (2007) (citing <u>Spradley</u>).

Petitioner may wish to proceed under § 2254 to challenge the criminal judgment pursuant to which he is in custody. In this district, a § 2254 petition must be filed on a form provided by the clerk. Local Rule 5.1(J)(2). The fee for filing a habeas corpus petition is $5.00. In similar situations the court might forward § 2254 forms to Petitioner and direct that a § 2254 petition be filed and the fee paid (or motion to proceed in forma pauperis filed) by a certain date.

Here, however, Petitioner is incarcerated at Lake Correctional Institution and was convicted in Columbia County. Jurisdiction is appropriate in the Middle District, as the district of both confinement and conviction. 28 U.S.C. § 2241(d). If Petitioner wishes to proceed with a § 2254 petition, the petition would properly proceed in the Middle District.

---

[1] Such an argument could be relevant to whether the presumption of correctness should apply to the state court proceedings, however. <u>Quince</u>, 360 F.3d at 1262 and n. 3 (citations and footnote omitted) (noting that no such argument had been raised there).

It is therefore respectfully **RECOMMENDED** that the petition (doc. 1) be summarily **DISMISSED** as a petition for writ of mandamus; and, to the extent the petition can be construed as seeking relief in the nature of habeas corpus, that this cause be **TRANSFERRED** to the United States District Court for the Middle District of Florida for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on January 26, 2009.


 s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO PARTIES**</u>

Within 15 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.